Ivar Peterson, of Washington, D. C. (Robert B. Watts, Gen. Counsel, Gerhard P. Van Arkel and Ernest A. Gross, Assts. Gen. Counsel, Leonard Appel, and William Strong, all of Washington, D. C., on the brief), for National Labor Relations Board.

Albert S. Gross, of Hackensack, N. J., for respondent.

## NATIONAL LABOR RELATIONS BOARD v. KUDILE et al.
### No. 7936.

Circuit Court of Appeals, Third Circuit.

Argued April 6, 1942.

Decided Aug. 21, 1942.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

The respondent is a partnership composed of Rudolph Kudile and Charles Kudile who do business under the name of Kudile Bros. Hasbrouck Heights Dairy, at Hasbrouck Heights, New Jersey. This firm buys dairy products and distributes them in and around Hasbrouck Heights in Bergen County, New Jersey. No products are distributed by the partnership outside of New Jersey. It appears from the testimony of Charles Kudile that from 95 to 97 percent of the dairy products which the partnership purchased in the two years immediately preceding the hearing before the trial examiner were purchased from Middletown Milk and Cream Company and that from 95 to 97 percent of the products which the partnership purchased were shipped to them from the creamery of that company located in Slate Hill, New York.[1] Charles Kudile also

---

[1] Charles Kudile was asked by counsel for the Board the following question upon direct examination, "And are all of this 95 percent of the products which you purchase shipped to you from the creamery in Slate Hill, New York?" He answered, "That is right."

testified that in the six months preceding the hearing the partnership had purchased from Middletown Milk and Cream Company approximately $90,000 worth of products. The partnership does not process any of the products. It does not, for example, pasteurize the milk but sells it in the cans or bottles, or both, in which it is placed by Middletown Milk and Cream Company.

■ Despite this testimony the respondents contend that they are not engaged in commerce within the meaning of the National Labor Relations Act, Sections 2(7), 9(c), 10(a), 29 U.S.C.A. §§ 152(7), 159(c), 160(a), because the produce they buy is sold by them entirely within the State of New Jersey. An analogous question was presented in the case of Newport News S. & Dry Dock Co. v. National Labor Relations Board, 4 Cir., 101 F.2d 841, 843. Judge Soper there stated, "If the flow of commerce is obstructed by labor disputes, it can make no difference from which direction the obstruction is applied." This decision of the Circuit Court of Appeals for the Fourth Circuit was reversed on other grounds by the Supreme Court in National Labor Relations Board v. Newport News Co., 308 U.S. 241, 60 S.Ct. 203, 84 L.Ed. 219, but the specific question of jurisdiction was not adverted to in the opinion. The circumstances in the case of National Labor Relations Board v. Suburban Lumber Company, a decision of this court, reported in 121 F.2d 829, 831, also are analogous to those of the case at bar. We ruled there that Section 2(7) of the Act, 29 U.S.C.A. § 152(7), was entitled to a very broad interpretation, holding, "The National Labor Relations Act uses what have been described as words of art to indicate the fullest employment of * * * Congressional authority." In this ruling we followed the decision of the Supreme Court in National Labor Relations Board v. Fainblatt, 306 U.S. 601, 607, 307 U.S. 609, 59 S.Ct. 668, 83 L.Ed. 1014. It would serve no useful purpose to recapitulate the many decisions which have held upon circumstances substantially similar to those at bar that the Board had jurisdiction of a labor dispute by virtue of the provisions of the Act. It is sufficient to state that the Board clearly had jurisdiction of the respondent.

■ We have examined carefully not only the briefs of the parties and the appendices to the briefs, but also the entire transcript. We find that the Board's findings of fact are supported by substantial evidence and that its conclusions that the respondent engaged in unfair labor practices within the meaning of Section 8(1) and (3) of the Act, 29 U.S.C.A. § 158(1) and (3), are correct.

Accordingly, the decree of the Board will be enforced.